UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
KEVIN B. McINTYRE,

                    Plaintiff,

          -against-                                   **ORDER**
                                                      11-CV-2791 (SJF)(GRB)

NURSE HUMPHRY and JANE DOE,
EMPLOYED AT THE NCCC MEDICAL                          FILED
SICK CALL ON MARCH 22, 2011 AT                        IN CLERK'S OFFICE
APPROXIMATELY 9:00 A.M.,                          U S DISTRICT COURT E D N Y

                                                      ★   JUN 13 2013   ★
                    Defendants.
--------------------------------------------------X        LONG ISLAND OFFICE
FEUERSTEIN, District Judge

          On June 9, 2011, *pro se* plaintiff Kevin B. McIntyre ("plaintiff") filed two (2) complaints

pursuant to 42 U.S.C. § 1983 ("Section 1983") against Nassau Health Care Corp. ("NHCC")[1],

Dr. Kanth, Dr. Okanta and Jim Capoziello ("Capoziello"), together with applications to proceed

*in forma pauperis*.  In the first action assigned docket number 11-cv-2791 ("the first action"),

plaintiff named Okator Chika ("Chika"), a nurse with the NHCC, as an additional defendant, and

in the second action, plaintiff named the Nassau County Correctional Center ("NCCC") and its

medical staff as additional defendants.  On July 1, 2011, plaintiff filed a third complaint ("the

third action") pursuant to Section 1983 against Armor Correctional Health, Inc. ("Armor") and

its nursing staff, the Nassau County Sheriff's Office ("the Sheriff's Office") and the County of

Nassau ("the County"), together with an application to proceed *in forma pauperis*.  By order

entered September 1, 2011, *inter alia*: (a) the three (3) actions were consolidated for all purposes;

(b) plaintiff's applications to proceed *in forma pauperis* were granted; (c) plaintiff's claims against

---

[1] In the second action assigned docket number 11-cv-2792 ("the second action"), plaintiff
sued the NHCC as the Nassau University Medical Center.  However, the Nassau University
Medical Center is a part of the NHCC and, thus, they are the same entity.

1

the NCCC and the Sheriff's Office were construed to be asserted against the County and were otherwise dismissed with prejudice; and (d) plaintiff's claims against NHCC, Dr. Kanth, Dr. Okanta, Capoziello, the medical staff of the NCCC, the nursing staff of Armor and the County were *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) unless plaintiff filed an amended complaint in accordance with that order within thirty (30) days from the date the order was served with notice of entry upon him.

On October 6, 2011, plaintiff filed amended complaints against the nursing staff of Armor, the County, the Sheriff's Office, Capoziello, Dr. Kanth, the NCCC medical staff, NHCC and Dr. Okanta. By order dated October 18, 2011, *inter alia*, plaintiff's claims against NHCC, Dr. Kanth, Dr. Okanta, Capoziello, the County, the NCCC medical staff, the Armor nursing staff and the Sheriff's Office were dismissed with prejudice; and the caption of this action was amended to include Nurse Humphry and "Jane Doe, employed at the NCCC medical sick call on March 22, 2011 at approximately 9:00 a.m." as defendants.

After plaintiff failed to take any steps to prosecute this action for almost eleven (11) months, the Court ordered plaintiff to show cause, by serving and filing an affidavit on or before 4:00 p.m. on March 4, 2013, why this action should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute this action. See Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (holding that Rule 41(b) explicitly sanctions dismissal of an action for failure to prosecute); U.S. ex rel. Drake v. Norden Systems, Inc., 375 F.3d 248, 250 (2d Cir. 2004) (holding that a district judge's authority to dismiss an action based upon a plaintiff's failure to prosecute is expressly recognized by Rule 41(b)). Plaintiff was advised that his failure to file an affidavit in accordance with the order to show cause would result in this action being dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure without further notice. The Clerk of the Court served notice of entry of the order to show cause upon plaintiff by mailing a copy thereof to plaintiff's address of record pursuant to Rule 5(b)(2)(C) of

the Federal Rules of Civil Procedure.  To date, plaintiff has not responded to the order to show cause, sought an extension of time to do so or taken any other steps to prosecute this action. Accordingly, this action is dismissed in its entirety with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  See <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed.2d 21 (1962).

**SO ORDERED**.                                s/ Sandra J. Feuerstein

_____

Sandra J. Feuerstein
United States District Judge

Dated: June 13, 2013
      Central Islip, New York